IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| O&M HALYARD, INC., a Virginia corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No.  4:22-cv-00622 |
| vs. | ) ) ) | |
| SRI TRANG USA, INC., SRI TRANG GLOVES (THAILAND) PUBLIC COMPANY LIMITED, AND SRI TRANG ARGO-INDUSTRY PUBLIC COMPANY LIMITED and DOES 1 through 10, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiff O&M Halyard, Inc. ("O&M Halyard" or "Plaintiff") brings this action against Defendants Sri Trang USA, Inc., Sri Trang Gloves (Thailand) Public Company Limited, and Sri Trang Argo-Industry Public Company Limited (collectively "Sri Trang" or "Defendants"), alleging the following:

## Nature of Action

1.     This is an action for trademark infringement, trademark counterfeiting, unfair competition, trademark dilution, contributory trademark infringement, and other related causes of action under federal, state, and common law. The claims arise from Defendants' unauthorized use of O&M Halyard's color purple as used with gloves (U.S. Reg. Nos. 2596539 and 3099894) and the color gray as used with gloves (U.S. Supplemental Reg. No. 5613962) (collectively "O&M Halyard Trademarks") in the United States.

## The Parties

1.      Plaintiff O&M Halyard is a wholly-owned subsidiary of Owens & Minor, a Virginia corporation with a principal place of business at 9120 Lockwood Blvd., Mechanicsville, VA, 23116.

2.      Upon information and belief, Defendant Sri Trang USA Inc. is a Delaware corporation with a principal place of business at 5820 West Cypress Street, Suite H, Tampa, Florida 33607.

3.      Upon Information and belief, Defendant Sri Trang Gloves (Thailand) Public Company Limited is a foreign corporation with a principal place of business at 17th Floor, Park Venture Ecoplex Unit 1701, 1707-1712, No. 57 Wireless Road, Lumpini, Pathumwan, Bangkok, 10330, Thailand.

4.      Upon information and belief, Defendant Sri Trang Argo-Industry Public Company Limited, is a foreign corporation with a principal place of business at 10 Soi 10, Phetkasem Road, Hatyai, Songkhla, Thailand.

5.      Upon information and belief, Sri Trang is engaged in the promotion and sale of medical gloves containing O&M Halyard's color purple as used with gloves and O&M Halyard's color gray as used with gloves in the United States, including in this District, through its business, catalogues, distributors, and its website at www.sritranggloves.com. Furthermore, as alleged below, Sri Trang and a company called Vizient Inc., located in Irving, Texas, have approached clients of O&M Halyard and tried to get them to buy infringing gloves.  Upon information, Vizient Inc. and Sri Trang entered into an agreement to provide Sri Trang to member hospitals, including in this district.

6.      The true names and capacities of Defendants DOES 1 though 10 are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as a fictitiously named

Defendant is, in some manner, responsible for the events and happenings herein referred to, either contractually or tortuously, and caused damage to the Plaintiff as herein alleged. When Plaintiff ascertains the true names and capacities of DOES 1 through 10, it will ask leave of this Court to amend its Complaint by setting forth the same.

## Jurisdiction and Venue

7.      Original subject matter jurisdiction of this Court is based on 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) and (b) (Acts of Congress relating to trademarks and related actions), Sections 39 and 43(a) and (c) of the United States Trademark Act of 1946 ("Lanham Act"), as amended (15 U.S.C. § 1121 and 1125(a)(c)). This Court has supplemental jurisdiction over O&M Halyard's state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction) because they are substantially related to O&M Halyard's federal claims and arise out of the same case or controversy, as well as the principles of pendent jurisdiction.

8.      Subject matter jurisdiction of the Court is also based on 28 U.S.C. § 1332 (diversity jurisdiction) because complete diversity exists between the parties and the amount in controversy requirement is met: O&M Halyard is a citizen of Virginia, Defendant Sri Trang USA, Inc. is a citizen of Delaware, Defendants Sri Trang Gloves (Thailand) Public Company Limited and Sri Trang Argo-Industry Public Company Limited are foreign corporations that are citizens of Thailand, and the amount of controversy exceeds $75,000, exclusive of interest and costs.

9.      This action arises out of wrongful acts including advertising, offering for sale, selling, and distributing infringing products by Defendants within this judicial district. This Court has personal jurisdiction over Defendants under the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.042, as they conduct business in the State of Texas and the exercise of such jurisdiction is consistent with due process under the United States Constitution. In addition, Defendants have

minimum contacts within the State of Texas and the Eastern District of Texas; and Defendants' contacts with the State of Texas arise from, or are directly related to, Plaintiff's cause of action.

10.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c), as Defendants are subject to personal jurisdiction in this District and a substantial part of the events giving rise to these claims occurred in this District.

## FACTS

### O&M Halyard's Use and Ownership of its Marks

11.     Plaintiff O&M Halyard is engaged in the business of developing, manufacturing, and selling medical products and supplies, including medical gloves.

12.     O&M Halyard's gloves are sold worldwide.  O&M Halyard's gloves have gained recognition and reputation within the medical industry throughout the world.

13.     O&M Halyard is the sole owner of the distinctive color purple as used with gloves, U.S. Trademark Reg. Nos. 2596539 and 3099894.

14.     The U.S. Patent and Trademark Office issued Trademark Reg. No. 2596539 on July 23, 2002, and O&M Halyard has used the trademark continuously and exclusively in commerce for "protective gloves for industrial use, and disposable nitrile gloves for use in laboratories and cleanroom environments" in International Class 9 since 1996 and "gloves for medical and surgical uses" in International Class 10 since 1998.  A true and correct copy of the Trademark's registration is attached hereto as Exhibit "**A**."

15.     The U.S. Patent and Trademark Office issued Trademark Reg. No. 3099894 on June 6, 2006, and O&M Halyard has used the trademark continuously and exclusively in commerce for "disposable nitrile gloves for general use" in International Class 21 since 2002.  A true and correct copy of the Trademark's registration is attached hereto as Exhibit "**B**."

16.     O&M Halyard is the sole owner of the distinctive color gray as used with gloves, U.S. Supplemental Reg. No. 5613962. This Supplemental Trademark Registration was issued by the U.S. Patent and Trademark Office on November 20, 2018, and O&M Halyard has used the trademark continuously and exclusively for "medical gloves; protective gloves for medical use; Nitrile gloves for medical use" in International Class 10 since 2006.  A true and correct copy of the Trademark's registration is attached hereto as Exhibit "**C**."

17.     O&M Halyard has spent millions of dollars in the advertising and promotion of the O&M Halyard Trademarks in the United States, which have been used in conjunction with various O&M Halyard gloves.

18.     O&M Halyard has sold millions of gloves bearing the O&M Halyard Trademarks in the United States.

19.     O&M Halyard sells gloves bearing O&M Halyard Trademarks in every state in the United States and numerous countries around the world.

20.     O&M Halyard gloves bearing the O&M Halyard Trademarks are featured in nearly every trade catalogue that includes medical gloves.

21.     As a result of the quality of O&M Halyard's gloves and the extensive sales, marketing, advertising, and promotion of these gloves under the O&M Halyard Trademarks, the O&M Halyard Trademarks have become well-known trademarks that are widely and favorably known by medical industry customers in Texas, in the United States, and elsewhere as designating high quality and dependable products originating exclusively from O&M Halyard.  As a direct result of O&M Halyard's quality manufacture, promotional efforts, and extensive sales, the O&M Halyard Trademarks have been prominently placed in the minds of medical industry customers.  The O&M Halyard Trademarks are distinctive designs owned exclusively by O&M Halyard, achieving secondary meaning from over 20 years of use with O&M Halyard spending millions of dollars on

promotion of the O&M Halyard Trademarks.  Medical industry customers are exposed to the O&M Halyard Trademarks through catalogues, distributors, and the Internet.  As a result, the O&M Halyard Trademarks have become widely known and valuable trademarks, possessing a strong secondary meaning among medical industry consumers.  Consequently, the O&M Halyard Trademarks have come to symbolize the enormous goodwill of O&M Halyard's business within the medical industry in Texas and nationwide.  No other manufacturer lawfully uses the O&M Halyard Trademarks or any other substantially similar marks for similar types of goods without O&M Halyard's authorization.

22.    The O&M Halyard Trademarks have been well-known in the medical industry in Texas, in the United States nationwide, and elsewhere since long prior to the acts complained of herein.  The O&M Halyard Trademarks have been used exclusively nationwide by O&M Halyard.

23.    The above-identified registrations remain in full force and effect and are *prima facie* proof of O&M Halyard's exclusive right to own and use the color purple as used with gloves and the color gray as used with gloves.  In addition, O&M Halyard's trademarks for the color purple as used with gloves are incontestable pursuant to Section 15 of the Lanham Act (15 U.S.C. § 1065).

### Misuse by Sri Trang of the O&M Halyard Trademarks

24.    Upon information and belief, Defendants offer for sale, sell, and distribute medical gloves in the United States using O&M Halyard's color purple and color gray ("Defendants' Unauthorized Products") through their business, catalogues, distributors, and its website at www.sritranggloves.com.  Examples of Defendants' Unauthorized Products are attached hereto as Exhibit "**D**."  Sample images are provided below:

**O&M Halyard's Trademarks**        **Sri Trang's Unauthorized Products**







25.     Sri Trang is not an authorized retailer or distributor for any goods bearing the O&M Halyard Trademarks and has not acquired the goods from O&M Halyard.

26.     Upon information and belief, Sri Trang has made unauthorized use of the O&M Halyard Trademarks in connection with said products, as described below, with the intent to mislead and confuse consumers into believing Defendants' Unauthorized Products are made directly by O&M Halyard pursuant to O&M Halyard's strict quality control standards or that Defendants' Unauthorized Products are otherwise authorized, licensed, or sponsored by O&M Halyard and with the intent of misappropriating, for its own benefit, the tremendous goodwill built up by O&M Halyard in the O&M Halyard Trademarks. [*See* Exhibit "**D**."]

27.     In particular, Sri Trang has improperly used the O&M Halyard Trademarks in its advertising and promotional materials for Defendants' Unauthorized Products on its website at

www.sritranggloves.com and has thus falsely stated or otherwise implied that said Defendants' Unauthorized Products are made directly by O&M Halyard pursuant to O&M Halyard's strict quality control standards or that its use of the O&M Halyard Trademarks is authorized or licensed by O&M Halyard.

28.    Upon information and belief, Sri Trang is or has been directly and indirectly advertising and selling Defendants' Unauthorized Products bearing the O&M Halyard Trademarks through its catalogues, distributors, and its website at www.sritranggloves.com.  Furthermore, Sri Trang and a company called Vizient Inc., located in Irving, Texas, have approached clients of O&M Halyard and tried to get them to buy infringing gloves.  O&M Halyard's clients alerted them to the situation, which is how O&M Halyard became aware of the situation.

29.    Upon information and belief, the aforementioned misuse of the O&M Halyard Trademarks by Sri Trang was done with the intent of deceiving or misleading customers into mistakenly believing that Defendants' Unauthorized Products were authorized O&M Halyard products originating from O&M Halyard or its related companies and otherwise misappropriating the goodwill built up by O&M Halyard in the O&M Halyard Trademarks and otherwise attracting and misdirecting consumers looking for genuine or authorized O&M Halyard goods to the Defendants' Unauthorized Products and website.

30.    Upon information and belief, Sri Trang had constructive knowledge that Defendants' Unauthorized Products were infringing the O&M Halyard Trademarks.  The O&M Halyard Trademarks are all registered in the United States: the color purple as used with gloves has been registered since 2002 and 2006 and the color gray as used with gloves has been registered since 2006.

31.    Sri Trang has actual knowledge of the infringement of the O&M Halyard Trademarks by Defendants' Unauthorized Products.  O&M Halyard contacted Sri Trang on July 12,

2022, via a cease and desist letter describing the infringement of O&M Halyard's color purple as used with gloves and color gray as used with gloves.  A true and correct copy of the July 12, 2022 Cease and Desist Letter is attached hereto as Exhibit "**E**."

32.    Despite its constructive and actual knowledge of the infringement of the O&M Halyard Trademarks by Defendants' Unauthorized Products, Sri Trang has continued to directly and indirectly advertise and sell the Defendants' Unauthorized Products bearing the O&M Halyard Trademarks through its catalogues, distributors, and website and provide Defendants' Unauthorized Products to distributors whom then sell Defendants' Unauthorized Products to the end consumer.

33.    The misuse of the O&M Halyard Trademarks by Sri Trang was intended to cause, has caused, and is likely to continue to cause, consumer confusion, mistake, or deception including the misleading of consumers into mistakenly believing that the Defendants' Unauthorized Products are made directly from O&M Halyard pursuant to O&M Halyard's strict quality control standards or O&M Halyard has authorized, licensed, or sponsored the use by Sri Trang of the O&M Halyard Trademarks for those products.

34.    The aforementioned misuse of the O&M Halyard Trademarks by Sri Trang is damaging to the reputation and goodwill of O&M Halyard and the O&M Halyard Trademarks.

35.    Upon information and belief, the aforesaid acts of Sri Trang have caused and, unless enjoined, will continue to cause irreparable damage to O&M Halyard and to the reputation of its valuable O&M Halyard Trademarks.

36.    O&M Halyard has no adequate remedy at law.

## COUNT I
## Trademark Infringement Under the United States Trademark
## Act (15 U.S.C. § 1114 (1)) by Defendants

37.    O&M Halyard repeats the allegations set forth in Paragraphs 1 through 36, as if fully set forth herein.

38.     Sri Trang's use of a reproduction, counterfeit, copy, or colorable imitation of the well-known O&M Halyard Trademarks, without O&M Halyard's consent, in commerce in connection with the sale, offering for sale, distribution, or advertising of their products or services is likely to cause confusion, or to cause mistake, or to deceive the public, and thus constitutes trademark infringement pursuant to 15 U.S.C. § 1114.

39.     The complained of acts constitute willful, deliberate, and intentional infringement of federally registered trademarks for the O&M Halyard Trademarks in violation of § 32(1) of the Lanham Act (15 U.S.C. § 1114(1)).

40.     Sri Trang's intentional and willful infringement of the O&M Halyard Trademarks has caused, and will continue to cause, damage to O&M Halyard and is causing irreparable harm to O&M Halyard for which there is no adequate remedy at law.  Sri Trang is directly liable for these actions and profited off its infringing conduct.

## COUNT II
### Trademark Counterfeiting Under the United States Trademark Act (15 U.S.C. § 1114 (1)) by Defendants

41.     O&M Halyard repeats the allegations set forth in Paragraphs 1 through 40, as if fully set forth herein.

42.     Upon information and belief, Sri Trang intentionally and willfully used, without O&M Halyard's consent, counterfeit versions of O&M Halyard's color purple design on gloves in commerce, knowing that the marks were counterfeit.  Sri Trang used the counterfeit marks in connection with the sale, offering for sale, or distribution of their goods and services, which is likely to cause confusion, or cause mistake, or deceive the public.

43.     Sri Trang used the counterfeit marks on medical gloves, the identical goods O&M Halyard Trademarks are registered for.

44.     The complained of acts constitute trademark counterfeiting in violation of § 32(1) of the Lanham Act (15 U.S.C. § 1114(1)).

## COUNT III
### False Designation of Origin, Passing Off, and Unfair Competition Under The United States Trademark Act (15 U.S.C. § 1125(a)) by Defendants

45.     O&M Halyard repeats the allegations set forth in Paragraphs 1 through 44, as if fully set forth herein.

46.     Sri Trang's use of the O&M Halyard Trademarks, without O&M Halyard's consent, in commerce to promote, market, or sell their products or services in direct competition with O&M Halyard's products and services constitutes False Designation of Origin and Unfair Competition pursuant to 15 U.S.C. § 1125(a).  Sri Trang's use of the O&M Halyard Trademarks is a false designation of origin, a false or misleading description of fact, and/or a false or misleading representation of fact, which is likely to cause confusion, or cause mistake, or to deceive as to the affiliation, connection, or association of Sri Trang with O&M Halyard and/or to the origin, sponsorship, or approval of Sri Trang's products and commercial activities with O&M Halyard.

47.     The complained of acts constitute willful, deliberate, and intentional false designations of origin as to the products made available by Sri Trang and unfair competition in violation of § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

48.     Sri Trang's wrongful activities have caused—and unless enjoined by this Court—will continue to cause irreparable injury and other damages to O&M Halyard's business and reputation and will continue to cause damage to the goodwill it has developed in its O&M Halyard Trademarks. O&M Halyard has no adequate remedy at law.

## COUNT IV
### Trademark Dilution Under The United States Trademark Act
### (15 U.S.C. § 1125(c)) by Defendants

49.     O&M Halyard repeats the allegations set forth in Paragraphs 1 through 48, as if fully set forth herein.

50.     Sri Trang's unauthorized use of the well-known O&M Halyard Trademarks is likely to dilute and blur the distinctive quality of these marks and to tarnish the O&M Halyard Trademarks.

51.     The complained of acts have diluted and damaged the distinctive quality of O&M Halyard's well-known O&M Halyard Trademarks and constitute trademark dilution of the well-known marks in violation of § 43 of the Lanham Act (15 U.S.C. § 1125(c)).

52.     Upon information and belief, Sri Trang willfully intended to trade on O&M Halyard's reputation and/or cause dilution and tarnishment of O&M Halyard's well-known O&M Halyard Trademarks.

## COUNT V
### Intentional Interference with Economic Advantage in Violation of
### Texas Common Law by Defendants

53.     O&M Halyard repeats the allegations set forth in Paragraphs 1 through 52, as if fully set forth herein.

54.     O&M Halyard has for years entered into contracts with others and has reasonably expected to continue to enter into contracts licensing the O&M Halyard Trademarks to various entities for use of the O&M Halyard Trademarks to various entities for use with medical gloves. Sri Trang and its partner Vizient Inc. has contacted existing customers of O&M Halyard to get them to break their agreement with O&M Halyard and to buy infringing products.

55.     Sri Trang has known that the O&M Halyard Trademarks are highly desirable property to O&M Halyard, other manufacturers of medical gloves, and other entities within the

medical industry. Additionally, Sri Trang has known of O&M Halyard's desire and intent to license the valuable O&M Halyard Trademarks to existing and potential clients for use with medical gloves.

56.     Having seen that Sri Trang misappropriated the O&M Halyard Trademarks for their own gain, without O&M Halyard's permission and without any compensation to O&M Halyard, other companies now do not feel it necessary to enter into or continue with licensing agreements with O&M Halyard for the use of O&M Halyard's Trademarks.

57.     Absent Sri Trang's infringing conduct, it is reasonably certain that O&M Halyard would have continued to license its O&M Halyard Trademarks to existing and prospective clients.

58.     Sri Trang's infringing conduct has caused O&M Halyard substantial harm and damages because O&M Halyard is unable to fully commercialize on the licensing of the O&M Halyard to various companies engaged in the sale of medical gloves.

59.     The complained of acts constitute intentional interference with economic advantage in violation of the common law of the State of Texas.

### COUNT VI
### Trademark Dilution Under The United States Trademark Act
### (15 U.S.C. § 1125(c))

60.     O&M Halyard repeats the allegations set forth in Paragraphs 1 through 59, as if fully set forth herein.

61.     Sri Trang's unauthorized use of the famous O&M Halyard Trademarks is likely to dilute and blur the distinctive quality of these marks and to tarnish the reputation of the O&M Halyard Trademarks.

62.     The complained of acts have diluted and damaged the distinctive quality of O&M Halyard's famous trademarks and constitute trademark dilution of the famous marks in violation of § 43(c) of the Lanham Act (15 U.S.C. §1125(c)).

63.     Upon information and belief, Sri Trang willfully intended to trade on O&M Halyard's reputation and/or cause dilution and tarnishment of O&M Halyard's well-known O&M Halyard Trademarks.

**COUNT VII**
**Trademark Dilution Under Tex. Bus. & Comm. Code**
**(Section 16.103) by Defendants**

64.     O&M Halyard repeats the allegations set forth in Paragraphs 1 through 63, as if fully set forth herein.

65.     Through O&M Halyard's long-standing and extensive use, and the consumer recognition, the O&M Halyard Trademarks are well-known to the medical industry.

66.     Sri Trang's adoption and use of the O&M Halyard Trademarks have caused and are likely to cause dilution by blurring and weakening of the O&M Halyard Trademarks.

67.     Sri Trang's willful intent to trade on the O&M Halyard Trademarks on its gloves threatens to harm the reputation of the famous O&M Halyard Trademarks.

68.     As a direct and proximate result of Sri Trang's actions, O&M Halyard has suffered and will continue to suffer damages, including damage to its goodwill and reputation.

69.     The complained of acts are likely to cause injury to the business reputation of, or otherwise dilute, the distinctive quality of the O&M Halyard Trademarks in violation of § 16.103 of the Texas Business and Commerce Code.

**COUNT VIII**
**Trademark Infringement in Violation of**
**Texas Common Law by Defendants**

70.     O&M Halyard repeats the allegations set forth in Paragraphs 1 through 69, as if fully set forth herein.

71.     O&M Halyard has a valid, legally protectable interest in the O&M Halyard Trademarks.

14

72.     Sri Trang used the O&M Halyard Trademarks in commerce to identify its own goods.

73.     Sri Trang did not have O&M Halyard's consent, permission, or license to use the O&M Halyard Trademarks.

74.     Sri Trang used the O&M Halyard Trademarks with the intent to confuse consumers regarding the origins of Sri Trang's goods.

75.     Sri Trang's use of the O&M Halyard Trademarks has caused consumer confusion, and will continue to cause confusion, regarding the origins of Sri Trang's products and has diminished O&M Halyard's goodwill and ability to control the goods sold under the O&M Halyard Trademarks.

76.     The complained of acts constitute trademark infringement in violation of the common law of the State of Texas.

77.     Sri Trang's acts have caused, and will continue to cause, O&M Halyard to suffer damages.

## COUNT IX
## Unfair Competition in Violation of Texas Common Law by Defendants

78.     O&M Halyard repeats the allegations set forth in Paragraphs 1 through 77, as if fully set forth herein.

79.     Through Sri Trang's use of the O&M Halyard Trademarks in connection with its medical gloves, Sri Trang is passing off its goods as those of O&M Halyard in a manner that is false, misleading, and misrepresentative of the nature, characteristics, and quality of Sri Trang's goods.

80.     Sri Trang misappropriated the O&M Halyard Trademarks, in which O&M Halyard created through extensive resources, with the intent to free ride off of O&M Halyard goodwill and engage in direct competition with O&M Halyard.

81.     As a direct and proximate result of Sri Trang's actions, O&M Halyard has suffered and will continue to suffer damages, including irreparable damage to its goodwill and reputation.

82.     The complained of acts constitute unlawful acts of unfair competition and unlawful, unfair, and fraudulent business practices in violation of the common law of the State of Texas.

## COUNT X
### False Designation of Origin in Violation of Texas Common Law by Defendants

83.     O&M Halyard repeats the allegations set forth in Paragraphs 1 through 82, as if fully set forth herein.

84.     Through Sri Trang's use of the O&M Halyard Trademarks in interstate commerce in connection with its medical gloves, Sri Trang has falsely designated those goods as affiliated with O&M Halyard.

85.     Sri. Trang's use of the O&M Halyard Trademarks has the capacity to materially deceive potential consumers, and is likely to cause confusion, or to cause mistake, or to deceive as to the origin of Sri Trang medical gloves.

86.     As a result of Sri Trang's false designation of its medical gloves, O&M Halyard has suffered, and will continue to suffer damages, including irreparable damage to its goodwill and reputation.

## COUNT XI
### Unjust Enrichment in Violation of Texas Common Law by Defendants

87.     O&M Halyard repeats the allegations set forth in Paragraphs 1 through 86, as if fully set forth herein.

88.     Through Sri Trang's use of the O&M Halyard Trademarks, Sri Trang has used the significant goodwill and consumer recognition inherent in the O&M Halyard Trademarks to gain business and compete directly with O&M Halyard for potential customers.

89.     Through Sri Trang's use of the O&M Halyard Trademarks, Sri Trang's marketing efforts have benefited, and Sri Trang has profited financially, and is likely to continue benefiting and profiting, by leading customers to believe that Sri Trang's medical gloves using the O&M Halyard Trademarks are affiliated with O&M Halyard.

90.     As a direct and proximate result of Sri Trang's actions, O&M Halyard has suffered and will continue to suffer damages, including irreparable damage to its goodwill and reputation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff O&M Halyard, Inc. prays for judgment as follows:

1.     That judgment be entered in favor of Plaintiff on all causes of action set forth herein.

2.     That in accordance with Section 35 of the Lanham Act (15 U.S.C. §1117), Plaintiff be awarded monetary damages sufficient to recover: (1) Defendants' profits on Defendant's Unauthorized Products; (2) all damage suffered by Plaintiff; and (3) the costs of this action and that said amount be trebled or otherwise multiplied to the extent permitted by statute.  In addition, Plaintiff reserves the right to elect statutory damages up to and including $2,000,000 per counterfeit mark pursuant to 15 U.S.C. §1117(c).

3.     The Plaintiff be awarded such other monetary damages, recovery, and awards as appropriate under the law.

4.     That Defendants, their officers, directors, principals, agents, servants, affiliates, employees, attorneys, representatives, successors, and assigns, and all those in privy or acting in concert or participation with Defendants, and each of them, be preliminarily and permanently enjoined and restricted from directly or indirectly:

a.     Claiming or representing that any products and/or services sold by Defendants are made directly by O&M Halyard pursuant to O&M Halyard's strict quality control

17

standards or O&M Halyard has authorized, licensed, or sponsored the use by Defendants of the O&M Halyard Trademarks for those products;

b.       Using, in any manner, or holding itself out as having rights to use O&M Halyard's color purple as used with gloves or color gray as used with gloves or any other name, mark, or design confusingly similar to the O&M Halyard Trademarks to designate, describe, or refer to themselves or in conjunction with any product or service, including any use in conjunction with any Internet activities conducted by it or on its behalf, such as any use as a domain name or in the text, graphics, and hypertext metatags of any Internet website;

c.       Requesting or inducing Internet search engines to display links to the Defendants' websites or other websites displaying or promoting Defendants' products or services when potential customers using those search engines search for terms containing variations of O&M Halyard's color purple as used with gloves and its color gray as used with gloves.

d.       Selling, offering for sale, promoting, advertising, distributing, or providing or offering to provide any goods or services in conjunction with the O&M Halyard Trademarks or any other name, mark, or design confusingly similar to the O&M Halyard Trademarks in conjunction with any product or service; and

e.       Engaging in any course of conduct likely to cause confusion, deception, or mistake to injure Plaintiff's business reputation or dilute the O&M Halyard Trademarks or appropriate the goodwill and reputation of said marks or lead to the passing off of Defendants' products and services as O&M Halyard's products and services.

5.       That the Court issue an Order directing Defendants to file with the Court and serve on Plaintiff, within thirty (30) days after the service on Defendants of such injunctions, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction.

6.      That the Court award judgment in favor of the Plaintiff in the amount of treble damages.

7.      That the Court award to Plaintiff punitive damages sufficient to deter Defendants from committing such willful acts of infringement in the future.

8.      That the Court requires a full and complete accounting of all monies received by Defendants as a result of the infringement.

9.      That Defendants be required to deliver to Plaintiff all merchandise, packaging, labels, boxes, cartons, advertising, brochures, documents, advertising, and promotional materials and other things possessed, used, or distributed by Defendants, or on their behalf, which use the O&M Halyard Trademarks, or any other name, mark, or design confusingly similar to the O&M Halyard Trademarks.

10.     That Plaintiff be awarded the costs of this action and its disbursements, and reasonable attorneys' and investigatory fees incurred, and as otherwise appropriate herein, pursuant to 15 U.S.C. § 1117 or other appropriate statute or law.

11.     For interest on all amounts found to be due to Plaintiff from Defendants, at the prevailing rate, from the date of said amounts or any part thereof became or becomes due.

12.     That the Court requires Defendants to notify their commercial associates, dealers, master distributors, suppliers, and customers of this Order.

13.     That Plaintiff be granted such other monetary, equitable, and further relief as this Court may deem appropriate under federal, state, and common law.

14.     That the Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court, at any time, for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any Order entered in this action, for the

modification of any such Order, for the enforcement or compliance therewith, and for the punishment of any violation thereof.

## DEMAND FOR JURY TRIAL

Plaintiff O&M Halyard demands a jury trial on all issues.

Respectfully submitted this 21st day of July 2022.

/s/ *Stephen D. Howen*
Stephen D. Howen
State Bar No. 10117800
Law Office of Steve Howen
7111 Bosque Blvd.
Suite 305
Waco, TX 76710
Telephone: (254) 826-6526
Facsimile: (254) 822-4926
steve@stevehowenlegal.com

Attorney for Plaintiff
O&M HALYARD, INC.